UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11015-MAA                          Date: March 18, 2026

Title      Latanya Williams v. Acme Electrical Signs and Design LLC, et al.

Present:    The Honorable Maria A. Audero, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):  Order Re Proof of Service**

This civil action was filed on November 17, 2025.  (ECF No. 1.)  The same day, pursuant to the Magistrate Judge Direct Assignment Program ("MJDAP"), the Clerk of Court filed a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment"). (Notice, ECF No. 5.)  Among other things, the Notice of Assignment advised the parties that this case had been assigned to U.S. Magistrate Judge Jacqueline Chooljian for all purposes and that any party could decline to consent to that assignment according to the schedule set forth for such declination.  (*See generally* Notice.)  Also on November 17, 2025, upon Plaintiff's request (ECF No. 4), the Clerk issued a summons.  (ECF No. 6.)  On January 26, 2026, upon Judge Chooljian's retirement, the case was transferred to U.S. Magistrate Judge Maria A. Audero.  (ECF No. 12.)

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), Plaintiff is required to serve the summons and complaint on each defendant within ninety (90) days after the complaint is filed or risk dismissal of the action without prejudice against any unserved defendant.  Fed. R. Civ. P. 4(m). Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, Plaintiff is required to serve the Notice of Assignment on each newly served party at the time of service of the summons and complaint.  C.D. Cal. L.R. 73-2.1; *see also* Notice of Assignment.  Local Rule 4-6 requires that the plaintiff "file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service."  C.D. Cal. L.R. 4-6.  Further, "[f]ailure to file a proof of service timely may result in the imposition of sanctions against the plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service."  *Id.*

Accordingly, Plaintiff was required to serve the summons, complaint, and Notice of Assignment by no later than February 16, 2026 and to file proof of such service, if made on the last possible day, no later than March 2, 2026.  Plaintiff filed a proof of service as to one defendant,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11015-MAA                                    Date: March 18, 2026

Title        Latanya Williams v. Acme Electrical Signs and Design LLC, et al.

Majd LLC, on January 19, 2026.  (ECF No. 11.)  As of the date of this Order, however, Plaintiff has neither filed proof of service of the summons, complaint, and Notice of Assignment on the remaining defendant, Acme Electrical Signs and Design LLC, nor requested an extension of time in which to do so.  Further, while Plaintiff timely filed a proof of service with respect to Defendant Majd LLC (*id.*), the time for that defendant to answer or otherwise respond to the complaint has long since elapsed with no appearance by the defendant, but Plaintiff has taken no additional steps to prosecute this action.

Therefore, Plaintiff is **ORDERED TO SHOW CAUSE,** no later than **thirty days from the date of entry of this order**, why this Court should not recommend that the action be dismissed for failure to prosecute.  Plaintiff's response must address both failures identified herein:  (1) the failure to serve Defendant Acme Electrical Signs and Design LLC (which may be addressed by, for example, the filing of a proof of service or Notice of Voluntary Dismissal) and (2) the failure to prosecute this action against Defendant Majd LLC (which may be addressed by, for example, the filing of a response to the complaint by this defendant or an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a) by Plaintiff).

It is so ordered.